1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                        **DISTRICT OF NEVADA**
8
9   UNITED STATES OF AMERICA,        )    3:09-cv-00314-LRH (WGC)
                                     )
10             Plaintiff ,           )
                                     )
11      vs.                          )    **ORDER RE ATTENDANCE OF**
                                     )    **PLAINTIFF'S REPRESENTATIVE**
12   THE STATE OF NEVADA, and        )    **AT SETTLEMENT CONFERENCE**
                                     )
13   THE OFFICE OF THE STATE CONTROLLER)
                                     )
14             Defendants            )
     _____ )
15

16          Before the court is plaintiff United States of America's "Request to Approve DOJ Trial

17   Attorneys as Appropriate Representatives for Settlement Conference."  (Doc. # 110.)    Plaintiff

18   requests the Court approve DOJ Senior Trial Attorneys John. P. Buchko and Jeffrey G. Morrison as

19   appropriate representatives for the settlement conference.

20          Defendant State of Nevada/Office of the State Controller does not oppose the Request (Doc.

21   # 111).  However, defendants' consent is predicated on the personal appearance of Mr. Arthur Ingram,

22   the individual described by plaintiff as the one "whose claim under the Uniformed Services

23   Employment and Reemployment Rights Act ("USERRA") is central to this matter... ."  (Doc. #110

24   at 2.)  Defendant contends that because Mr. Ingram is "central to this matter" and "stands to benefit

25   monetarily from any settlement funded by Defendant...Mr. Ingram's presence and participation is

26   necessary concerning any settlement brokered at the settlement conference."  (Doc. #111 at 2.)

27          Plaintiff's reply memorandum (Doc. # 112) argues that Mr. Ingram is not a party to this case

28   and asserts his "personal presence is [not] necessary for resolution of this matter."  Counsel represents

1   that Mr. Ingram "has agreed to be generally available to counsel for the United States by telephone on

2   February 2, 2012 in order to address settlement discussions." (*id. at 2*).   Plaintiff also submits that

3   it would be an undue "financial and personal hardship on Ingram" to have to attend as he resides and

4   works in New Jersey." (*id.*).

5            The Court's Order scheduling the settlement conference required that the "clients or client

6   representatives *with complete settlement authority* to negotiate and consummate a settlement shall be

7   in attendance at the settlement conference."   (Doc. #108; emphasis added.)   The purpose of such a

8   provision is that it is extremely difficult to complete a successful settlement conference without the

9   personal participation of the "decision makers."   In that regard, the Settlement Conference Order reads

10  in part as follows:

11                       The purpose of this requirement is to have in attendance a

12                       representative who has both the authority to exercise his or her own

13                       discretion, and the realistic freedom to exercise such discretion without

14                       the negative consequences, in order to settle tha case during the

15                       settlement conference without consulting someone else who is not

16                       present.

17  (Doc. 108 at 2.)

18           However, the Order also states that the personal attendance and participation of the "decision

19  maker" may be excused by order of the court. (*id*).   In this instance, good cause appearing, the Court

20  will permit Messrs. Buchko and Morrison to act as representatives of the United States.   However,

21  this permission is conditioned on the premise that the Assistant Attorney General for the Civil Rights

22  Division, in whom plaintiff states settlement authority rests (Doc. #110 at 2), will be available by

23  telephone throughout the duration of the settlement conference and will participate by phone in the

24  parties' "presentation in the courtroom outlining the factual and legal highlights of their case." (Doc.

25  #108 at 2.)

26           Good cause also appearing, the Court will not require Mr. Ingram to appear personally.

27  However, because it appears he does have a direct interest in the outcome of the case, Mr. Ingram will

28  also be required to participate by phone in the parties' presentations.   He will similarly be required

2

1   to be available by phone throughout the duration of the settlement conference.[1]

2        Plaintiff is cautioned that if the court reasonably believes that the failure to have the personal

3   attendance of the representatives of the plaintiff has caused or significantly contributed to the parties'

4   inability to effect settlement, if such is the outcome, that the Court may order a follow-up settlement

5   conference, the expense of which might be assessed against plaintiff United States of America.

6        Counsel for plaintiff United States of America shall contact the Courtroom Administrator,

7   Jennifer Cotter (775-686-5758), two (2) court days prior to the settlement conference to confirm the

8   logistics for telephonic participation as discussed above.

9   **IT IS SO ORDERED.**

10   DATED:   January 25, 2012.

11

12   _____
     WILLIAM G. COBB

13   UNITED STATES MAGISTRATE JUDGE

---

27      [1]   Counsel for the United States represents that Mr. Ingram "has agreed to be *generally available* to counsel for the United States by telephone on February 2, 2012 in order to address settlement discussions." (*id.*

28   at 2; emphasis added.)  Mr. Ingram, to be excused from these proceedings, will have to be available continuously throughout the duration of the conference, not just "generally available."