UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, and THE OFFICE OF THE STATE CONTROLLER,<br><br>　　　　Defendants. | 3:09-CV-00314-LRH-WGC<br><br>ORDER |

Before the court are the United States' Motion in Limine to Exclude Certain Witnesses at Trial (#122), and Defendants' opposition (#133).

The United States moves to bar the testimony of Defendants' proposed witnesses Mark Winebarger and Jim Wells. Both men held various positions in the Office of the Controller under Kathy Augustine's administration, including the position of Chief Deputy prior to Ingram holding the position. Defendants intend to have these witnesses testify concerning their qualifications, responsibilities, and experiences as Chief Deputy in the Augustine administration, why they quit, and regarding their personal communications with Ingram in 2003, when Ingram was hired as Augustine's Chief Deputy and inquired about whether they had difficulties working under Augustine. The United States contends that both witnesses lack relevant personal knowledge, as all of the subjects of the proposed testimony predates the events in this case concerning Ingram's claim for reemployment benefits in 2008.

The court has already rejected Defendants' core argument that the qualifications and responsibilities of the Chief Deputy are relevant to the liability issue of whether the changed circumstances defense applies.  Instead, such qualifications evidence is material only to the court's determination of the appropriate position of reemployment under the § 4313 order of priority for purposes of determining appropriate relief.

Nonetheless, given the witnesses' knowledge regarding the state of the Controller's Office under Augustine and the position of Chief Deputy, their testimony may well be pertinent to the changed circumstances defense, as the court has narrowly construed it.  Such topics may include the extent to which the position is politically sensitive and entails responsibilities and duties that implicate important policymaking decisions, and the extent to which those holding positions within the Controller's office may be affected by the election of a new Controller.  *See* Order (#139), pp. 8-10; Order (#102), pp. 13-15.

IT IS THEREFORE ORDERED that the United States' Motion in Limine to Exclude Certain Witnesses at Trial (#122) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this 30th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE