UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE STATE OF NEVADA, and THE<br>OFFICE OF THE STATE CONTROLLER,<br><br>　　　　　Defendants. | 3:09-CV-00314-LRH-WGC<br><br>ORDER |

Before the court are the United States' Motion in Limine to Exclude Certain Evidence at Trial Related to the Department of Labor Investigation (#123), and Defendants' opposition (#134). The motion seeks to preclude Defendants from calling Darrol Brown of the Department of Labor ("DOL"), and to exclude the DOL file on Ingram's administrative complaint.

**I.　Darrol Brown**

Regarding Darrol Brown, Defendants represent they do not intend to call Brown as a witness in their case-in-chief and only intend to call him as a rebuttal witness, if necessary. At present, at least, the issue is therefore moot and the motion will be denied accordingly.

**II.　DOL File**

　**A.  Non-Original Documents**

Regarding the DOL file, the United States first moves to exclude 235 pages of non-original documents within the 304-page file that would be cumulative or duplicative of documents that may

be independently offered as exhibits.  Although the entirety of the DOL file is listed as a potential exhibit in the Joint Pretrial Order, *see* JPTO (#105), p. 15, ¶ 12, Defendants now represent they do not intend to offer any portions of the DOL file that would be cumulative or duplicative of other exhibits.  The motion will therefore be denied as moot in this respect.

### B. Original Documents

The United States also moves to exclude the remaining 69 pages of original documents in the DOL file.  The United States contends these documents are irrelevant to any of the claims or defenses remaining for trial, including the changed circumstances defense, retaliation, or willfulness.  The United States represents that 23 of the 69 pages were created after Defendants terminated Ingram's employment on December 15, 2008.  The remaining 46 pages were created prior to Ingram's termination and include (1) Darrol Brown's October 16, 2008 "No Merit" letter to Ingram, (2) 21 communications between VETS and Ingram, and (3) various "reports of contact" between Brown and Defendants.  *See* Exhibit C to Motion (#123-3).

Despite the number of documents at issue, the parties have presented particularized arguments on admissibility only as to the October 16, 2008 "No Merit" letter.  Accordingly, with the exception of that letter, the court shall defer decision on the documents and presently deny the motion without prejudice.

### C. "No Merit" Letter of October 16, 2008

Darrol Brown's October 16, 2008 "No Merit" letter to Ingram recounts the arguments and evidence submitted by the State for application of the "brief, nonrecurrent employment" affirmative defense, indicates the finding of VETS that the State had satisfied its burden of producing evidence to support the defense, finds that on the basis of the State's evidence that Ingram's claim had "No Merit," and offers Ingram the option of submitting rebuttal evidence or requesting referral to the Attorney General.  *See* Exhibit C (#123-3), pp. 3-7 (DOL 33-38).  The letter was written nearly three months after Ingram reported to work and was refused reemployment on July 24, 2008, but

before Wallin's December 15, 2008 letter to Ingram indicating that his employment had been terminated retroactively to January 1, 2007, the end of Augustine's term.

The United States contends that the letter is irrelevant to any defense in this case because Defendants did not have a copy of the letter when they refused him reemployment and thus could not have relied on it. The United States further contends that the letter was not a "finding," "agency determination," or legal conclusion, as Brown is not a lawyer and could only give a lay opinion, and the letter did not affect any of Ingram's claims or rights under USERRA or Defendants' defenses or responsibilities under USERRA. *See* Motion (#123-1), pp. 8-9.

Defendants also contend the letter is material in that they had specifically informed VETS on July 24, 2008, that Wallin was awaiting the outcome of the DOL investigation before determining her obligations under USERRA, and that Wallin waited until she "learned of the results of the DOL investigation" before making the decision to retroactively terminate Ingram by letter on December 15, 2008. Defendants thus contend that the letter is material to the issues of retaliation and willfulness, as it is probative of Wallin's state of mind, deliberations, and understanding of the legal obligations under USERRA, and whether the offer of the Chief Accountant position was a bona fide offer to settle the parties' dispute over USERRA's applicability. Defendants also dispute the United States' characterization of the letter, pointing to its language, and contend that as an agency determination, the letter "carried significant weight in Controller Wallin's decision making process." *See* Opposition (#134), pp. 3-4.

The court views as materially distinct the DOL's determination and the letter containing that determination, as well as the refusal to allow Ingram to begin work on in July 2008 versus the retroactive termination of his employment in December 2008. Because neither the letter nor the DOL's determination existed at the time, the court rejects any notion that it might have played a role in Wallin's decision to refuse to allow Ingram to begin work in July 2008. Any consideration of or reliance on the letter or the DOL's determination could have occurred only after October 2008. Thus, Wallin's knowledge of the DOL's determination is certainly relevant to her

3

motivations, state of mind, deliberations, and understanding of her legal obligations under USERRA when she decided to retroactively terminate Ingram's employment in December 2008. But even then, Wallin could have actually considered and relied on only the information she had in her possession.  While Wallin may have been aware of the *determination*, no foundation has been presented that Wallin possessed a copy of the *letter* at any time during the events in question.

The court also finds, however, that the letter is relevant and admissible as to willfulness even apart from Wallin's possession and consideration of its contents, insofar as it provides corroborating evidence of the reasonableness of Defendants' determination that the "brief, nonrecurrent employment" defense applied.  A violation of USERRA is willful if "'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 615 (1993) (quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 133 (1985)), *adopted in* H.R. Rep. No. 103-65, at 38 (1994), *reprinted in* 1994 U.S.C.C.A.N. 2449, 2471.  An intent to violate the statute is not necessary; but it is also not sufficient that the employer simply knew of its potential applicability. *Thurston*, 469 U.S. at 126-28 & n.19.  Also, statutory violations are not willful if the violators "acted reasonably and in good faith in attempting to determine whether their plan would violate the [statute]." *Id.* at 129.  Thus, notwithstanding the court's determination on summary judgment that the "brief, nonrecurrent employment" defense is inapplicable, any violation of USERRA may not be considered willful if Defendants make a reasonable, good faith mistake as to the application of this or any other affirmative defense.  In that regard, the letter represents an independent (albeit lay) assessment that Defendants' position on the applicability of the defense was meritorious, which a jury may consider in determining the reasonableness of Defendants' conduct.

The court therefore finds that the letter is admissible for the limited purposes noted.  Subject to those restrictions, the motion to exclude the letter will be denied.

////

////

IT IS THEREFORE ORDERED that the United States' Motion in Limine to Exclude Certain Evidence at Trial Related to the Department of Labor Investigation (#123) is DENIED.

IT IS SO ORDERED.

DATED this 1st day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE