UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, and THE<br>OFFICE OF THE STATE CONTROLLER,<br><br>        Defendants. | 3:09-CV-00314-LRH-WGC<br><br><u>ORDER</u> |

Before the court are Defendants' Pre-Trial Motion in Limine (#124), and the United States' opposition (#129).  The motion seeks to exclude eight of the United States' proposed exhibits.

**1.  The Greene Memorandum**

Defendants move to exclude an October 19, 2001 "Draft" memorandum by Jeanne Greene, Director of the Nevada Department of Personnel, regarding "Rights and Benefits of Employees Called to Active Military Duty."  *See* Exhibit A (#126-1).

Provided the proper foundation is established at trial, the memorandum may provide probative evidence regarding willfulness—*i.e.*, whether Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by USERRA, or whether they acted reasonably and in good faith in attempting to determine their legal obligations under USERRA.  *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 615 (1993); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 129 (1985).

1   Although the admission of documents of this sort interpreting USERRA's requirements
2   carries the potential for confusion of the applicable law, the court finds that potential unavoidable
3   given that willfulness is a triable issue in this case.  Indeed, further increasing the potential for
4   confusion of the issues is the fact that willfulness necessarily draws into the case even issues that
5   were foreclosed on summary judgment.  For instance, while the "brief, nonrecurrent employment"
6   defense has been foreclosed as a matter of law, it is collaterally relevant as a defense to willfulness
7   to the extent that it is probative of whether Defendants reasonably and in good faith (though
8   mistakenly) believed it applied.  By the same token, the United States may legitimately seek to
9   establish through the existence and availability of internal State documents interpreting USERRA's
10  requirements that Defendants knew or recklessly disregarded their legal obligations under
11  USERRA.  The potential jury confusion may be alleviated through appropriately tailored jury
12  instructions.
13  The motion shall therefore be denied without prejudice.
14  **2.  USERRA Manual**
15  Defendants also move to exclude a manual entitled "Overview of the Uniformed Services
16  Employment & Reemployment Rights Act (USERRA)," prepared by the Nevada Department of
17  Personnel and dated November 2007.  *See* Exhibit B (#126-1).  For the same reasons discussed
18  above, the motion shall be denied without prejudice.
19  **3.  The Mann Note**
20  Defendants next move to exclude a September 3, 2008 note from Michelle Mann, Wallin's
21  Executive Assistant, regarding Mann's conversation with Karen Jaquez regarding her conversation
22  with Sarette Mathiesen in payroll.  The note concerns Ingram's PERS enrollment designation as it
23  relates to his obligation to reimburse the State for pension contributions.  *See* Exhibit C (#126-1).
24  The United States argues the note is not being offered for the truth of the matter asserted
25  and is probative of its retaliation and willfulness claims, in that it relates to Wallin's motivation for
26  backdating Ingram's termination.  The United States further contends that the note is relevant to

damages, insofar as Ingram's benefits are concerned, although that will be an issue for the court during the bench trial phase.  On these bases, and subject to proper authentication and foundation, the motion shall be denied without prejudice.

### 4. Email Exchange

Defendants next move to exclude an October 29, 2008 email exchange between Jacquez and Mathiesen in payroll (with carbon copies to Wallin's Executive Assistant (Mann) and Acting Chief Deputy (Karen Hoppe)) regarding payroll and benefits issues concerning Ingram's "return to work."  *See* Exhibit D (#126-1).  For the same reasons discussed above, the motion shall be denied without prejudice.

### 5. Mann Phone Log

Defendants next move to exclude a telephone log prepared by Mann, which includes Mann's notes on her contacts with Ingram, Wallin, Mark Taylor, and Doug Walther on May 12, 2008, concerning setting up a meeting on Ingram's return to work.  *See* Exhibit E (#121-1).  As the United States contends, this document is probative of Defendants' knowledge of Ingram's efforts to attain reemployment.  The record is also not inadmissible hearsay as an admission of party-opponent and a business record, subject to proper foundation and authentication at trial.  *See* Fed. R. Evid. 801(d)(2), 803(6).  The motion shall therefore be denied without prejudice.

### 6. Employee Paycheck Analysis

Defendants next move to exclude a document entitled "Employee Paycheck Analysis," which addresses Ingram's earnings throughout his State employment from 2003 through 2008.  *See* Exhibit F (#126-1).  Subject to foundation and authentication, such evidence is probative of the United States' retaliation claim based on backdating and to willfulness, in that it shows that Ingram was retained on the payroll during his deployment.  The motion shall therefore be denied without prejudice.

**7. Organizational Charts**

Defendants next move to exclude four organizational charts illustrating the organizational structure of staff within the Office of the State Controller. *See* Exhibit G (#126-1). The organizational structure and existence of positions within the Controller's Office are plainly relevant to the changed circumstances affirmative defense, including whether it was impossible or unreasonable to reemploy Ingram in his former position or an alternative position, and the relation of the Chief Deputy to other positions within the department. The motion will therefore be denied without prejudice.

**8. Expert Witness Report**

Defendants finally move to exclude the report of the United States' expert, Terrence M. Clauretie, dated January 20, 2010. Although deliberately withheld by both parties, the United States represents that the report addresses only damages. Given the court's order granting the United States' motion to bifurcate the trial, the motion in limine is granted insofar as it seeks to exclude such evidence during the jury phase on liability. Otherwise, the motion is denied without prejudice to any objections that may be raised during the bench trial on relief.

IT IS THEREFORE ORDERED that Defendants' Pre-Trial Motion in Limine (#124) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this 1st day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE