UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA,<br><br>and<br><br>THE OFFICE OF THE STATE CONTROLLER,<br><br>        Defendants. | Civil No. 3:09-cv-00314-LRH-WGC |

## SETTLEMENT AGREEMENT

This matter is before the Court for entry of this Settlement Agreement ("Agreement") by consent of all parties to effectuate a final compromise and settlement of all claims raised in the United States' Complaint. After review and consideration, the Court believes that entry of this Agreement is in the interest of justice.

1.　Plaintiff United States of America commenced this action in the United States District Court for the District of Nevada, alleging that Defendants State of Nevada and the Office of the State Controller (collectively, "Nevada") violated the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* ("USERRA") by failing to promptly reemploy Arthur F. Ingram, III ("Ingram") following his service with the U.S. Army and by discriminating against him for engaging in protected conduct when they withdrew a job offer and terminated his employment.

2.　As a result of settlement discussions, the United States and the Nevada have agreed that this action should be settled by entry of this Agreement. It is the intent of the parties that this Agreement be a final and binding settlement in full disposition of any and all claims alleged in the Complaint filed in this case, and any and all claims now or hereinafter of any

nature whatsoever either known or unknown that the United States or Ingram may have against Nevada, its officers or employees arising out of this lawsuit, and adequately compensates Ingram for those claims.

## STIPULATED FACTS

3. Pursuant to USERRA, the parties acknowledge the jurisdiction of the United States District Court for the District of Nevada over the subject matter of this action and of the parties to this case for the purpose of entering this Agreement and, if necessary, enforcing this Agreement.

4. Venue is proper in this district for purposes of this Agreement and any proceedings related to this Agreement. Nevada agrees that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

## FINDINGS

5. Having examined the terms and provisions of the Agreement, the Court finds the following:

    a. The Court has jurisdiction over the subject matter of this action and the parties to this action.

    b. The terms and provisions of this Agreement are lawful, reasonable, fair and just. The rights of Ingram, Nevada, and the United States are protected adequately by this Agreement.

    c. This Agreement conforms with the Federal Rules of Civil Procedure and USERRA, and is not in derogation of the rights and privileges of any person.

    d. The entry of this Agreement will further the objectives of USERRA, and will be in the best interests of the parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## NON-ADMISSION

6. This Agreement, being entered with the consent of the United States and Nevada, shall not constitute an adjudication or finding on the merits of the case and shall not be construed as an admission by Nevada of any violations of USERRA, or any other law, rule, or regulation dealing with or in connection with equal employment opportunities.

## NON-RETALIATION

7. Nevada shall not take any action against any person, including but not limited to Ingram, that constitutes retaliation or interference with the exercise of such person's rights under USERRA because such person gave testimony or assistance or participated in any manner in any investigation or proceeding in connection with this case.

## REMEDIAL RELIEF

8. Without admitting the allegations of the United States, and in settlement of the United States' claims for relief for Ingram who, by his signature to the release attached as Appendix A accepts the relief to be given him pursuant to this Agreement, Nevada has agreed to provide remedial relief to Ingram.

9. Within fifteen (15) business days from the date of approval of any payment or funding made pursuant to this Agreement by the State of Nevada Board of Examiners, anticipated to be at a July 10, 2012 meeting, Nevada shall pay Ingram a total monetary award of two hundred sixty-two thousand dollars ($262,000.00), all of which shall be attributed to back wages. Nevada shall only withhold all appropriate federal income tax. Pursuant to Section 218 of the Social Security Act, Nevada state employees are not subject to Social Security withholdings. On or before the date it is required by law to do so, Nevada shall issue to Ingram the appropriate Internal Revenue Service tax forms reflecting the amounts paid to Ingram as Nevada back wages and the amounts withheld by Nevada.

10. Nevada shall pay the required amount to Ingram by mailing a check to the following address:

>Arthur F. Ingram, III
>4370 Spring Drive
>Carson City, Nevada 89701

Within twenty (20) days of making the payment to Ingram, Nevada shall provide the United States with documentation of having paid Ingram the monetary award due him pursuant to paragraph 9, *supra*, by sending, via overnight delivery service, a photocopy of the check evidencing payment to the following address:

>John Buchko
>United States Department of Justice
>601 D Street, NW, Room 4912
>Washington, DC 20579

11.  Within fifteen (15) business days from the date of approval of any payment or funding made pursuant to this Agreement by the State of Nevada Board of Examiners, anticipated to be at a July 10, 2012 meeting, Nevada shall fully fund Ingram's Public Employees' Retirement System ("PERS") account pursuant to the provisions of USERRA and Nevada Revised Statute 286.435 to achieve nine (9) years of state service credit at the maximum Chief Deputy Controller rate of pay as set forth in the Nevada Statutes in effect for the years between 2003 and 2012. Such total funding shall not exceed two hundred fifty thousand two-hundred and sixty-nine dollars and seventy-seven cents ($250,269.77). As a result of such funding, Ingram shall fully vest with PERS. Nevada agrees not to seek any contribution from Ingram for any portion of the PERS contribution.

12.  Nevada shall withdraw and remove the December 15, 2008, letter of termination from Ingram's personnel file, with the understanding that Ingram's employment with Nevada has ceased and, pursuant to this Agreement, he has no current or future claim to employment with Nevada.

## DISPUTE RESOLUTION AND COMPLIANCE

13.  The entry of this Agreement constitutes the entry of final judgment within the meaning of Rule 54 of the Federal Rules of Civil Procedure on all claims asserted in or that could have been asserted by the United States in this action. The Court, however, shall retain

jurisdiction over this matter and shall have all equitable powers, including injunctive relief, to enforce this Agreement.

Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Agreement. The parties shall engage in good faith efforts to resolve any dispute concerning compliance prior to seeking review by the Court. The parties shall be required to give notice to each other ten (10) days before moving for review by the Court. All parties may conduct expedited discovery under the Federal Rules of Civil Procedure for the purpose of determining compliance with this Agreement or defending against a claim of non-compliance.

### EXPIRATION OF THIS AGREEMENT

14. This Agreement shall expire, and this action shall be dismissed with prejudice, pursuant to the filing of a stipulation by both parties upon perfection by Nevada of paragraphs 9, 10, 11 and 12 of this Agreement.

### MISCELLANEOUS

15. Pursuant to Nevada Revised Statutes, and pursuant to the date of loss of this action, any payment or funding made pursuant to this Agreement must be approved by the State of Nevada Board of Examiners, which consists of the Nevada Governor, the Nevada Secretary of State and the Nevada Attorney General. It is anticipated that this settlement and resulting payment or funding will be on the July 10, 2012, agenda.

16. All parties shall bear their own costs and expenses of litigation, including attorneys' fees.

17. If any provision of this Agreement is found to be unlawful, only the specific provision in question shall be affected, and the other provisions will remain in full force and effect.

18. The terms of this Agreement are and shall be binding upon the present and future directors, employees, agents, administrators, successors, representatives, and assigns of defendants and upon heirs, successors, and assigns of Nevada.

19. This Agreement constitutes the entire agreement and commitments of the parties. Any modifications to this Agreement must be mutually agreed upon and memorialized in a writing signed by the United States and Nevada.

**EFFECTIVE DATE**

20. The effective date of this Agreement shall be the date upon which it is entered by the Court.

APPROVED and ORDERED this 7th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

Agreed and Consented to on behalf of Plaintiff
United States of America:

*[signature]*

DELORA L. KENNEBREW
Chief

*[signature]*

LOUIS LOPEZ
Deputy Chief

*[signature]*

JOHN P. BUCHKO
JEFFREY G. MORRISON
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW, PHB 4500
Washington, DC  20530
Telephone: (202) 305-1528
Facsimile: (202) 514-1005
Email: John.Buchko@usdoj.gov

Agreed and Consented to on Behalf of Defendants
State of Nevada and Office of the State Controller

CATHERINE CORTEZ MASTO
Nevada Attorney General

*[signature]*

STEPHEN D. QUINN
Chief Deputy Attorney General
Nevada Bar No. 5746
JOSEPH C. REYNOLDS
Deputy Attorney General
Nevada Bar No. 8630
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701
Tel: (775) 684-1222
Fax: (775) 684-1275


KIM R. WALLIN, CMA, CFM, CPA
Nevada State Controller

*[signature: Kim R. Wallin]*

KIM R. WALLIN, CMA, CFM, CPA
Nevada State Controller
101 N. Carson Street, Suite 5
Carson City, Nevada 89701

# APPENDIX A

## RELEASE

I, Arthur F. Ingram, III, for and in consideration of accepting the relief to be provided to me pursuant to the provisions of the Settlement Agreement entered in *United States v. State of Nevada and the Office of the State Controller*, 3:09-cv-00314-LRH-WGC, release and discharge the State of Nevada and its current, former and future officials, employees and agents from all legal and equitable claims of every nature whatsoever either known or unknown arising out of the complaint filed in that case occurring prior to the date of this Release.

I understand that the relief to be given to me does not constitute an admission by Nevada of the validity of any claim raised by me, or on my behalf.

This Release constitutes the entire agreement between Nevada and myself, without exception or exclusion, and I hereby authorize Nevada to change my PERS designations to employer paid where necessary to effectuate the purposes of this Agreement.

I acknowledge that a copy of the Settlement Agreement in this action was provided to me.

I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF AND I EXECUTE THIS RELEASE OF MY OWN FREE ACT AND DEED.

Signed this 4 day of May 2012.

/s/ Arthur F. Ingram, III
Arthur F. Ingram, III
Social Security Number: